UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60314-CIV-UNGARO/SIMONTON

CHRISTOPHER BROOK, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
    _____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Presently pending before the Court is Defendant's Motion to Compel (DE # 28). This motion is fully briefed (DE ## 30-31) and referred to the undersigned Magistrate Judge (DE # 29). Following a review of the record and for the reasons set forth below, Defendant's motion is GRANTED.

    I.    **BACKGROUND**

Plaintiff, Christopher Brook, filed a complaint in which he alleged that he was injured in a car accident with another vehicle driven by a United States Army soldier and sued the government under the Federal Tort Claims Act (DE # 1). In addition to his personal injuries, Plaintiff also claims that the two businesses he owns and operates, Insect This and AC Paint and Design, have incurred losses as a result of his injuries and he seeks recovery for those losses (DE # 28 at 1; DE # 30 at 1).

Defendant filed the instant motion to compel Plaintiff to produce a corporate representative of Insect this and AC Paint and Design for deposition (DE # 28).

Plaintiff responds that he will serve as the corporate representative and should not have to be re-deposed because Defendant should have covered the areas of inquiry during his initial deposition. Plaintiff adds that he previously offered to produce a

records custodian for deposition in order to narrow Defendant's requests for documents, which he claims were overbroad, but that Defendant opted to itemize its document requests rather than conduct a deposition for that purpose (DE # 30).

Defendant replies that it would have been impossible to ask Plaintiff about his business losses during his initial deposition because Plaintiff resisted producing any business records until recently and, as a result, those documents have yet to be produced.  In addition, Defendant acknowledges that Plaintiff offered to produce a records custodian for deposition, but adds that, at the time, it was uncertain whether Plaintiff or his accountant would be designated as the corporate representative. Therefore, Defendant offered to forego two separate depositions of Plaintiff in his capacity as records custodian and corporate representative, in favor of conducting a single deposition of Plaintiff in his capacity as corporate representative (DE # 31).

II.   ANALYSIS

Though neither party cited any legal authority to support their positions, this Court has the broad authority to limit discovery pursuant to Federal Rule of Civil Procedure 26(b)(2).  For the reasons stated below, however, the undersigned concludes that it is appropriate to permit Defendant to depose a corporate representative of Plaintiff's businesses.  The fact that Defendant already conducted a deposition of Plaintiff does not preclude a 30(b)(6) subsequent deposition of a corporate representative of Plaintiff's businesses.

First, although Plaintiff's lost income claim was discussed at the initial deposition, it was not the focus of the deposition due, in part, to the fact that Plaintiff resisted Defendant's request for business documents which prevented Defendant from asking specific questions about them.

Second, the implication in Plaintiff's briefs that Defendant was aware that a 30(b)(6) deposition would be tantamount to a re-deposition of Plaintiff is belied by the record.  Even though it is apparent that Plaintiff owns the businesses, he acknowledges that his wife could have been designated as a records custodian (DE # 30); and, Plaintiff's counsel stated that Plaintiff's accountant may have been designated as the corporate representative (DE # 31).  Even if the parties were aware at the time of Plaintiff's initial deposition that he would also serve as a corporate representative, which does not appear to be the case, it is not prohibited for a party to depose a single witness more than once in the context of a single lawsuit.  *See* Fed. R. Civ. P. 30(a) ("the court must grant leave to the extent consistent with Rule 26(b)(2)" to permit a deposition of a "deponent [that] has already been deposed in the case.").

In sum, the undersigned finds that the areas of inquiry that will follow Defendant's receipt of business records could not have been addressed in sufficient detail during Plaintiff's prior deposition, before the business records were produced.  Even if Plaintiff already answered some questions regarding his business losses, Defendant is nevertheless entitled to conduct a deposition of a corporate representative pursuant to Rule 30(b)(6) in order to address those matters in greater detail.  Finally, to the extent Plaintiff argues that Defendant missed its opportunity to re-depose Plaintiff when it chose to narrow the scope of its document requests rather than accept Plaintiff's offer to conduct a deposition of Plaintiff in his capacity as a records custodian, that argument lacks merit.  It is, accordingly,

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel (DE # 28) is **GRANTED**.  Defendant may take a deposition of the corporate representative of

Plaintiff's businesses.

**DONE AND ORDERED** in chambers in Miami, Florida on November 6, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record