UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60314-CIV-UNGARO

CHRISTOPHER BROOK and
LYNN BROOK,
    Plaintiffs,

v.

UNITED STATES OF AMERICA,
    Defendant.
_____/

### ORDER ON MOTION TO AMEND FINDINGS OR JUDGMENT

THIS CAUSE is before the Court upon Defendant United States of America's Motion Pursuant to Federal Rule of Civil Procedure 52 and Motion Pursuant to Federal Rule of Civil Procedure 59, filed March 4, 2009 (D.E. 51 and 52.[1])  Plaintiffs responded in opposition on March 18, 2009 (D.E. 56), to which Defendant replied on March 27, 2009 (D.E. 58).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

Plaintiffs brought this case under the Federal Torts Claim Act (the "FTCA") for damages arising out of a car accident where Plaintiff Christopher Brook ("Brook") was rear-ended by an U.S. Army employee.  The case was tried before the Court in a non-jury trial from February 4, 2009 to February 5, 2009 and from February 9, 2009 to February 11, 2009.  On February 18, 2009, the Court issued it findings of fact and conclusions of law, and entered judgment in favor of Brook and his wife, Plaintiff Lynn Brook, in the amount of $1,522,069.36 and $150,000, respectively.  (D.E. 39, the "Order"and D.E. 40, the "Final Judgment.")

Defendant filed the instant Motion seeking amendment of only certain of the Court's findings in its Order.  Specifically, Defendant argues that (i) the Court's finding that Brook is entitled to$762,000 for his future medical care lacks specificity as required under Fed. R. Civ. P.

---

[1] The United States has filed two identical motions.  Both will collectively referred to herein as the "Motion."

52, and that there is insufficient evidence in record to support this award, (ii) the Court erred in failing to discount Brook's award for future medical expenses to present value, and (iii) the Court erred when it awarded damages "with interest thereon until paid in full" because Plaintiff is not entitled to post-judgment interest until all of the conditions of 31 U.S.C. § 1304 are satisfied. The Court will consider and dispose of each of these arguments in turn.

## Analysis

I.  **The Court's Findings Did Not Lack The Requisite Specificity Under Rule 52 And Were Supported By The Evidence.**

Although Defendant argues that the Court's findings regarding future medical expenses lack the specificity required under Rule 52, it offers no authority and proposes no standard with which to make that determination.[2] Early Eleventh Circuit precedent holds,

> The federal rule relating to findings of the trial court does not require the court to make findings on all facts presented or to make detailed evidentiary findings; <u>if the findings are sufficient to support the ultimate conclusion of the court they are sufficient</u>. Nor is it necessary that the trial court make findings asserting the negative of each issue of fact raised. <u>The ultimate test as to the adequacy of findings will always be whether they are sufficiently comprehensive and pertinent to the issue to provide a basis for decision and whether they are supported by the evidence</u>.

*Weber v. McKee,* 215 F.2d 447, 451 (5th Cir. 1954) (emphasis added)[3] (citing *Carr v. Yokohama Specie Bank, Ltd.*, 200 F.2d 251, 255 (9th Cir. 1953)). More recently, the Eleventh Circuit has stated, "We do not insist that trial courts make factual findings directly addressing each issue that a litigant raises . . . but instead adhere to the proposition that findings should be construed liberally and found to be in consonance with the judgment, so long as that judgment is supported in the record." *United States v. Acosta,* 363 F.3d 1141, (11th Cir. 2004) (internal citations and quotations omitted). Indeed, "the judge need only make brief, definite, pertinent findings and

---

[2]  The Court notes that Defendant's Motion does not include a memorandum of law citing supporting authorities for its request for relief under either Rule 52 or 59, as required by local rule. *See* S.D. Fla. L.R. 7.1(A).

[3]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts." Fed. R. Civ. P. 52 advisory committee's note.

The pertinent findings of the Court for purposes of Defendant's Motion are as follows: After his back surgery following the car accident, Brook suffers from positive discogenic pain and persistent pain syndrome. (Order ¶ 10.) Brook also currently has abnormalities at two different levels in his back (the L4-L5 level and the L5-SI level) that may require future surgery, although the medical experts unanimously recommend that he take conservative pain management measures for as long as possible to avoid a second surgery because it would drastically diminish the quality of his life and would not guarantee a relief from pain. (Order ¶¶ 10, 14.) Brook's physicians expect that he will require future medical treatment, including but not limited to, physical therapy, pain management, pain medication, and follow-up. (*Id.*) Defendant's expert, Dr. Passarin, testified that Brook's future medical expenses are difficult to evaluate because it depends on the amount of pain Brook is experiencing and, as such, he can only recommend that Brook seek these therapies as often as needed. (Order ¶ 14.) Brook is expected t live another 44.5 years. (*Id.* at n. 1.)

Importantly, Defendant does not challenge these findings, nor does Defendant dispute Plaintiffs' estimation of the cost of such therapies, which were admitted into evidence in the form of testimony from Plaintiff's vocational expert, Michael Morgenstern.[4] Rather, Defendant simply argues that this Court failed to specify the *frequency* with which Brook will need, if at all, any of these therapies or pain medication. Defendant offers no authority, however, demonstrating that this degree of specificity is required under Rule 52. In fact, as discussed below, such testimony is not necessary to support an award of future medical expenses. Thus, the Court holds that its

---

[4]  Although Defendant argues that Mr. Morgentstern is not qualified to testify as the *type* of medical treatment that Brook will require and the *frequency* with which he should receive that treatment, Defendant does not appear to challenge Mr. Morgenstern's *estimation of the costs* for those medicines and treatments. (*See* Motion at 3 ("However, Mr. Morgenstern does not have a medical background and the record does not establish his competency to render any opinions as to the *need* for or the *frequency* of future medical care.") (emphasis added).)

3

findings are sufficiently specific under Rule 52 because they provide a basis for the Court's ultimate conclusion that Brook is entitled to $762,000 for future medical expenses, particularly where (as fully discussed below) the evidence supports this award.

The Court next considers the second part of Defendant's challenge to its findings regarding Brook's future medical expenses: the sufficiency of the evidence.  Defendant argues that the Court's $762,000 award for future medical expenses is not supported by the evidence because the evidentiary support for the type and frequency of medical care must be solely supported by medical testimony. (Motion at 3.)  This, however, is not the case under Florida law. While a plaintiff is entitled to recover only those medical expenses that he is reasonably like to incur, medical testimony is not required to make such determinations where there is, among other things, uncontradicted evidence regarding the permanent nature of a plaintiff's injury.  *See Loftin v. Wilson*, 67 So.2d 185, 188 (Fla. 1953) (stating that plaintiffs must afford a basis for a reasonable estimate of the amount of his loss and only medical expenses that are reasonably certain to occur in the future are recoverable); *Sullivan v. Price*, 386 So.2d 241, 244 (Fla. 1980) (holding that medical testimony is not necessarily required for a jury to determine future economic damages where from "the uncontradicted evidence of the nature of [plaintiff's] injury, its duration, his resultant demotion, and lack of recovery at the time of trial, the jury could have concluded with reasonable certainty that the injury's consequences would continue into the future"). Furthermore, evidence regarding the *frequency* with which a plaintiff may incur future medical expenses is not a prerequisite for awarding such damages.  As one Florida court held, "Simply because the plaintiff did not adduce more definitive evidence *as to the frequency* with which plaintiff would need medical care and attention, nor the nature, extent and cost thereof, did not make it an error for the court to instruct on this element of damages when there was evidence to show that the plaintiff would require medical care for the remainder of his life." *Nat'l Car Rental Sys., Inc. v. Holland*, 269 So.2d 407, 411-12 (Fla. 4th DCA 1972) (upholding a jury's verdict for

future medical expenses awarded to injured motorist) (emphasis added).[5]

In this case, it is undisputed that Brook will require medical care for the remainder of his life, which is expected to continue for another 44.5 years. It is undisputed that he suffers from persistent pain and that his condition is permanent. It is undisputed that Brook's treating orthopedic surgeon recommends that he schedule visits for once or twice a year and receive yearly X-rays. Mr. Morgentstern testified that it would cost Brook $300 per visit and $300 per X-ray. It is also undisputed that Brook must undertake a multi-faceted approach to managing his persistent pain through ongoing physical therapy, visits with a physiatrist, and pain medication – all in an effort to avoid a second back surgery. Defendant's own expert, Dr. Passarin, stated at trial that he recommended Brook see a physiatrist "probably once a month" and that three visits per month with a physical therapist is a "good estimate." Mr. Morgenstern testified that monthly visits with a physiatrist would cost $2400 per year, and physical therapy three times a month would cost approximately $7200 per year. Dr. Passarin also stated that Brook should consider continuing to receive epidurals and facet blocks, which he has taken in the past, to alleviate the pain and avoid a second surgery. Mr. Morgenstern testified that epidurals run from $4700 to $5700 per procedure, and facet blocks run about $6300 per procedure. Also, the evidence at trial shows that Brook is prescribed and takes pain killers. Mr. Morgenstern testified that Vicodin costs approximately $46 per month.

Thus, in light of all the evidence presented in trial (particularly the undisputed evidence that Brook suffers from persistent pain syndrome, that his condition is permanent, and that he a young man with a life expectancy of another 44.5 years) the Court found, and still finds, that it is reasonably certain that he will incur significant future medical expenses and that it is reasonably

---

[5] Florida courts have recognized that the *permanent* nature of a condition makes award of future medical expenses especially reasonable. Where *Ramey v. Winn Dixie Montgomery, Inc.*, 710 So.2d 191 (Fla. 1st DCA 1998) (finding that jury's award of zero future medical expense for a permanent back injury, which undisputedly resulted in permanent pain and need for intermittent treatment, was unreasonable and district court abused its discretion in denying plaintiff's motion for a new trial); *Campbell v. Griffith*, 971 So.2d 232 (Fla. 2d DCA 2008) (same)

certain that he will require all the therapies and medication recommended by his doctors. Accordingly, the Court's award of $762,000 for future medical expenses – an amount over $100,000 *less than* Plaintiffs' estimated future medical expenses – is supported by the evidence. *See, e.g., Superior Construction Co., Inc. v. Brock*, 445 F.3d 1334, 1346-47 (11th Cir. 2006) (district court's damage award was not clearly erroneous where it was lower than the expert witness's estimate). The fact that Plaintiffs did not present a medical expert who definitively predicted and stated Brook's future medical expenses is simply not a bar to a fair recovery. *See Palmer v. Connecticut Railway & Lighting Co.*, 311 U.S. 544, 385 (1941) ("The injury party is not to be barred from a fair recovery by impossible requirements . . Certainty in the fact of damage is essential. Certainty as to the amount goes no further than to require a basis for a reasoned conclusion.").

**III.    The Court Did Not Err In Refusing To Discount Future Damages To Present Value.**

The Court declined to discount Brook's award for future medical expenses "given today's uncertain economic climate." (Order at 8 n.2.) Defendant argues that this was an error, but cites no authority that states that a reduction of future damages to present value is mandatory. Rather, Defendant cites a variety of sources that all stand for proposition that future damages *should* be reduced to present value.

For example, Defendant first argues that future losses are to be discounted under Fla. Stat. § 768.77(2)(a)(2). (Motion at 6.) However, this statute does not impose such a requirement; it simply requires itemized verdicts in personal injury cases, including any amounts awarded for future economic losses. *See* Fla. Stat. § 768.77(2)(a)(2).[6] Thus, while the statute may

---

[6]   With respect to future economic losses, the statute reads,
[T]he trier of fact shall, as part of the verdict, itemize the amount to be awarded to the claimant into the following categories of damages: (a) Amounts intended to compensate the claimant for:
1.    Past economics losses; and
2.    Future economic losses, not reduced to present value, and the number of years or part thereof which the award is intended to cover.
Fla. Stat. § 768.77(2).

contemplate a present value reduction, it does not require it.  Second, Defendant cites to Florida Standard Jury Instruction 6.10, which instructs a jury that any amount allowed for future medical expenses *should* be reduced to its present money value.  Again, the operative language is "should" – not "shall."  Finally, for support Defendant cites to *Seaboard Coast Line Railraod Co. v. Burdi,* 427 So.2d 1048 (Fla. 3d DCA 1983), but this case stands for the proposition that it would be irreversible error if the jury was not instructed that any future economic loss *should* be reduced to present value.  This case does not state that it would be irreversible error if a jury did not reduce the future damages to present value.  Accordingly, the Court finds that a present value reduction is not required under Florida law and that it did not err in choosing to not apply such a reduction in this case.[7]

**IV.     The Court Will Amend Its Final Judgment With Respect To Post-Judgment Interest.**

In the Final Judgment, the Court awarded damages "with interest thereon until paid in full."  Defendant asks this Court to delete from its Final Judgment any reference to post-judgment interest because Plaintiffs will be entitled to limited post-judgment interest as a matter of law when all the conditions of 31 U.S.C. § 1304 have been satisfied.

The authority for payment of a judgment against the United States is 28 U.S.C. § 2414. *See Lucas v. United States*, 807 F.2d 414, 423 (5th Cir. 1986) (holding that 28 U.S.C. § 2414 applies in FTCA cases).  When a judgment is payable under Section 2414, Section 1304(b)(1)(A) of Title 31 provides that interest may be paid when the judgment becomes final on appeal and then only from the date that the district court's judgment is filed with the Secretary of Treasury through the day before the day the mandate of affirmance is issued by the appellate court.  31

---

[7]     Indeed, the annotation following Florida Standard Jury Instruction 6.10 states that "the committee assumes that the present value of future economic damages is a finding to be made by the jury on the evidence; or, if the parties offer no evidence to control that finding, that the jury proper resorts to its own common knowledge as guided by [this instruction] and by argument." Here, neither party presented any evidence concerning the proper method to value Brook's future economic damages, and the Court was guided by its own common knowledge as to whether a present value reduction was appropriate given the current economic climate and ever rising health care costs.

U.S.C. § 1304(b)(1)(A); *see also* 28 U.S.C. § 1961)(b) ("Interest shall be computed daily to the day of payment except as provided in . . .section 1304(b) of title 31 . . . ."); *Dickerson v. United States*, 280 F.3d 470, 478 (5th Cir. 2002) (holding that 31 U.S.C. § 1304(b) limits the United States' liability for post-judgment interest); *Transco Leasing Corp. v. U.S.*, 992 F.2d 552 (5th Cir. 1993) (same).

The Court finds that a clarification on the Plaintiffs' entitlement to post-judgment interest, as provided under 31 U.S.C. 1304(b)(1), is appropriate and will issue an amended final judgment accordingly.

### Conclusion

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motions (D.E. 51 and 52) are GRANTED IN PART AND DENIED IN PART in accordance with this Order. The Court will issue an amended final judgment in accordance with this Order.

DONE AND ORDERED in Chambers, Miami, Florida, this 8th day of May, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

8