UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60314-CIV-UNGARO/SIMONTON

CHRISTOPHER BROOK and
LYNN BROOK,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS REGARDING PLAINTIFFS' MOTION TO TAX COSTS

Presently pending before the Court is Plaintiffs' Motion to Tax Costs (DE # 50). This motion is fully briefed (DE ## 55, 57) and referred to the undersigned Magistrate Judge (DE # 59). Based upon a thorough review of the record and for the reasons stated herein, it is RECOMMENDED that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART; and, that Plaintiffs be granted an award of costs totaling $9,134.97, consisting of Service of Process and Filing Fees ($405.00), Court Reporter Fees ($6,495.68), Witness Fees ($485.00), Witness Travel Expenses ($726.19), Photocopying Expenses ($903.10), Trial Testimony Fees ($40.00) and Defense Expert Deposition Expenses ($80.00).

### I.     BACKGROUND

Plaintiffs, Christopher Brook and his wife, Lynn Brook, sued the government under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, *et seq.*, based on injuries that Mr. Brook sustained as a result of an automobile accident, which Plaintiffs alleged was caused by the negligent acts of a government employee (DE # 1).

On February 17, 2009, following a four-day jury trial, the District Court entered a final judgment in favor of Plaintiff Christopher Brook in the amount of $1,522,069.36;

and, in favor of Plaintiff Lynn Brook in the amount of $150,000.00 (DE # 40).

On March 3, 2009, Plaintiffs filed the instant Motion to Tax Costs pursuant to Federal Rule of Civil Procedure 54 (DE # 50).  Although the government objected to certain categories of costs, it does not dispute that Plaintiffs are prevailing parties under Rule 54 and are thus presumptively entitled to tax costs against the government, to the extent that those costs are cognizable under 28 U.S.C. §§ 1821 and 1920 and the applicable caselaw (DE # 55).

## II.    LEGAL FRAMEWORK

The Federal Rules provide that "costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d).  As the Eleventh Circuit has held, "[h]owever, a court may only tax costs as authorized by statute."  *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).  Where the unsuccessful party is the United States, the Equal Access to Justice Act, 28 U.S.C. § 2412(a), provides that "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action."

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)," *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); and, it provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Section 1821, in turn, sets forth the maximum limits of certain witness expenses

that may be taxed as costs pursuant to section 1920.  It provides:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section. . . .

(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going and returning from the place of attendance.  Such a witness shall utilize a common carrier at the most economical rate reasonably available.  A receipt or other evidence of actual cost shall be furnished. . . .

28 U.S.C. § 1821.

Thus, construing sections 1821 and 1920 together, expert witness fees are not

allowed, except to the extent that a witness fee is authorized by section 1821.  *Crawford*

*Fitting*, 482 U.S. at 442; *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 672 (11th Cir.

3

1993).

The Local Rules provide that "[t]he bill of costs should attach copies of any documentation showing the amount of costs."  S.D. Fla. L.R. 7.3(C).  Bills of cost must be accompanied by sufficient documentation to "allow the court to determine whether the documents were necessarily obtained for use in the case."  *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 846 (11th Cir. 2008).

III.   **DISCUSSION**

A.   **Introduction**

Plaintiffs request a total of $83,539.68 in costs, divided into nine separate categories, including the Filing and Service of Process Fees ($405.00), Court Reporter Fees ($6,575.68), Witness Fees ($598.00), Witness Travel Expenses ($2,666.19), Photocopying Expenses ($3,700.35), Trial Testimony Fees ($29,575.00), Rule 35 Deposition Fees ($3,200.00), Defense Expert Deposition Fees ($1,642.00) and Expert Fees ($35,177.46).

The government acknowledges that Plaintiffs are entitled to a an award of fees equal to the full value of the Filing and Service of Process Fees ($405.00), as well as a portion of the Court Reporter Fees ($6,495.78), Witness Fees ($400.00) and Photocopying Expenses ($403.10), for a total of $7,703.88.

For the reasons set forth herein, the undersigned concludes that Plaintiffs may tax costs totaling $9,134.97, which consists of the full value of the Filing and Service of Process Fees ($405.00), as well as a portion of the Court Reporter Fees ($6,495.68), Witness Fees ($485.00), Witness Travel Expenses ($726.19), Photocopying Expenses ($903.10), Trial Testimony Fees ($40.00), and Defense Expert Deposition Expenses ($80.00).

4

B.     **Filing Fee and Service of Process Fee**

Plaintiffs request $405.00, representing the cost of a Filing Fee ($350.00) and a Service of Process Fee ($55.00).  The government does not object to these costs, which are authorized by statute.  28 U.S.C. § 1920.

C.     **Court Reporter Fees**

Plaintiffs request $6,585.68 in Court Reporter Fees.  The government agrees that Plaintiffs are entitled to $6,495.78, but objects to $80.00 in Court Reporter Fees for the deposition of Officer Dodd.  Though the government's legal analysis is correct, its mathematical calculation of those fees is not;[1] Plaintiffs are entitled to Court Reporter Fees totaling $6,495.68.

1.     **The Parties' Positions**

According to the government, "Officer Dodd was not at the scene of the accident, nor was his name on the police report;" and, consequently, when it became "obvious that [he] did not have relevant information, plaintiff's counsel chose to excuse him without conducting the deposition" (DE # 55 at 2).

Plaintiffs state that "it was not known until the date and time of the deposition that he did not have any knowledge of the issues in the case" but there was no other way to determine his knowledge (or lack thereof) of relevant events, meaning that the deposition was "necessarily obtained" for use in the case (DE # 57 at 2).

2.     **Analysis**

Neither party cited any legal authority in support of its position, nor did any party explain the context surrounding Officer Dodd's deposition, except that the parties agree

---

[1]  The undersigned notes that $6,585.68 minus $80.00 equals $6,495.<u>68</u>, not $6,495.78, as reflected in the government's brief.  This appears to be a clerical error.

that he had no knowledge of the issues in this case and Plaintiffs assert that his lack of knowledge could not be known prior to the deposition.

Plaintiffs have offered no basis to support their speculation that Officer Dodd had any knowledge concerning the facts of this case; and, thus, in light of the fact that he does not appear on the police report, the undersigned finds that this deposition was conducted for Plaintiffs' "convenience, to aid in thorough preparation, or for purposes of investigation only," and, it is therefore not a taxable as an expense "necessarily obtained" for use in the case.  *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000); *see also Aranda v. Jewish Community Svs. of South Florida, Inc.*, No. 05-21142-CIV-SEITZ-McALILEY, 2007 WL 707384, at *1 (S.D. Fla. Mar. 5, 2007) ("Defendant does not, however, provide this Court with any information, beyond this conclusory assertion, that would allow this Court to conclude that the transcripts were 'necessarily obtained for use in this case'").

Moreover, the undersigned notes that the government pointed out in its Response that Plaintiffs failed to attach an invoice for this charge (DE # 55 at 2 n.1), which Plaintiffs neither addressed nor cured in their Reply.  *See Aranda*, *supra*, at *1 & n.1 (quoting S.D. Fla. L.R. 7.3(C), which requires a party seeking costs to "attach copies of any documentation showing the amount of costs.").

The undersigned therefore concludes that Plaintiffs are entitled to an award of Court Reporter Fees in the amount of $6,495.68.

D.      **Witness Fees**

Plaintiffs request $598.00 in Witness Fees.[2]  The government agrees that Plaintiffs are entitled to $340.00, but it objects to $158.00 in fees associated with four witnesses who did not appear at trial, as well as $100.00 in fees for ten witnesses, each of whom was paid $10.00 over the statutory limit of $40.00.  For the reasons explained below, the undersigned finds that Plaintiffs may tax a total of $485.00 in Witness Fees.

1.      **The Parties' Positions**

The government objects to $158.00 in Witnesses Fees associated with Dr. Bruce Roden ($50.00), Dr. Christopher DiCarlo ($50.00), Dr. Ronald DeMeo ($50.00) and Officer Dodd ($8.00), because the none of the doctors "were deposed in this case and none of them testified in trial;" and, because the fourth witness, Officer Dodd, had no knowledge concerning this case and did not appear on any police report.

In addition to objecting to the costs associated with these four witnesses in their entirety, the government further objects to Witness Fees for all witnesses that exceed the statutory limit of $40.00 per day.  Although the government appears to apply this objection to ten witnesses only, each of whom were paid $50.00, it neglects to mention the fact that an additional witness, Dusanka Lazic, was paid $45.00, which also exceeds the statutory maximum.  Based on the government's objection "to *any* fee above the statutory rate," (DE # 55 at 3) (emphasis added), the undersigned construes the government's objection to apply to all eleven witnesses, totaling $105.00, not $100.00, as

---

[2]  These fees pertain to the following witnesses, in the following amounts: Dusanka Lazic ($45.00), Officer D. Dodd ($8.00), Trooper C.K. Jones ($25.00), Guillermo Pasarin, M.D. ($50.00), Warren Grossman, M.D. ($50.00), Dan S. Cohen, M.D. ($50.00), F. Gary Gieseke, M.D. ($20.00), Richard Foltz, M.D. ($50.00), Bruce Roden, M.D. ($50.00), Christopher DiCarlo, M.D. ($50.00), Michael Morgenstern ($50.00), Jeremy Cummings ($50.00), Ronald DeMeo ($50.00), Richard Kishner ($50.00) (DE # 50, Ex. A at 5).

stated in its brief (*id.*) (citing 28 U.S.C. § 1821(b)).  *Cf. Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("[T]he district court erred in taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821").

Plaintiffs explain that Drs. Roden, DiCarlo and DeMeo all treated Plaintiff Christopher Brook and it was therefore necessary to obtain their testimony.  Plaintiffs do not address why the witnesses did not ultimately testify, nor do Plaintiffs address the government's objection to fees in excess of $40.00 per witness.

> 2.   Analysis

The undersigned concludes that the Witness Fee of $8.00 for Officer Dodd is not a taxable expense because, as discussed in more detail above, Plaintiffs have not provided any explanation to support their hunch that he would have relevant information, given that he was not present at the scene of the accident and was not mentioned in any police report.

Moreover, any Witness Fees in excess of the statutory limit of $40.00 per witness are not taxable, resulting in a further deduction of $105.00, for ten witnesses who were each paid $50.00, as well as Dusanka Lazic, who was paid $45.00.[3]

Although Drs. Roden, DiCarlo and DeMeo did not testify at deposition or at trial, their Witness Fees may be taxed because it is likely that the testimony of Plaintiff Christopher Brooks' treating physicians may have been necessary; and these witnesses were permissibly "compensated for their readiness to testify at depositions."  *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994).

---

[3]  The undersigned notes that it is conceivable that the sums above $40.00 per witness were paid pursuant to 28 U.S.C. § 1821(c), as travel allowances; however, Plaintiffs have not asserted this in reply to the objection; and, moreover, they separately listed the travel expenses of witness Jeremy Cummings.

In sum, Plaintiffs are entitled to an award of Witness Fees in the amount of $485.00.

E.    Witness Travel Expenses

Plaintiffs request $2,666.19 in Travel Expenses for their Tallahassee-based biomedical expert, Dr. Jeremy Cummings.  The government objects to these charges in their entirety.  The undersigned finds that Plaintiffs may tax $726.19 in Witness Travel Expenses.

1.    The Parties' Positions

These Travel Expenses are divided into two categories, and the government objects to both categories of costs because Plaintiffs filed their motion to tax costs without attaching any documentation to support these expenses (DE # 57 at 2).

The first category is $826.19 for a round-trip airline ticket between Tallahassee and Miami.  The government objects to this expense on the grounds that Plaintiffs failed to establish that the $826.19 airline ticket represents the actual price of travel by a "common carrier at the most economical rate reasonably available" (DE # 55 at 3) (citing 28 U.S.C. § 1821(c)(1)).  Plaintiffs replied to this argument by attaching documentation to its Reply showing that the cost of Dr. Cummings' round-trip airline ticket between Tallahassee and Miami is $726.19, and the documentation contains a notation that "Cummings Scientific only charged you for the change over fee, of $100 for a total of $826.19" (DE # 57, Ex. B at 2).

The second category is $1,840.00, but Plaintiffs fail to identify the nature of this charge, or address the government's objection to these additional expenses either in their Motion or their Reply.  The government points out that this appears to represent eight hours of time at Dr. Cummings' rate of $230.00 per hour; and, the government

9

objects to this charge because it is not recognized under the statute, which limits expert witness fees to $40.00 per day.

> 2.  <u>Analysis</u>

On one hand, the undersigned finds that the cost of an airline ticket for Dr. Cummings to testify at trial is a reasonable expense that may appropriately be taxed against the government.

On the other hand, however, Plaintiffs initially failed to attach *any* documentation to support this request, as they were required to do pursuant to Local Rule 7.3(C); and, even though Plaintiffs untimely attached a document titled "Itinerary" to their Reply, which shows the cost of the airline ticket to be $726.19, they have neglected to explain the basis for adding a $100.00 to the cost of the ticket,[4] or the basis for concluding that this was the most economical rate reasonably available at the time.[5]

Moreover, Plaintiffs did not respond to the government's assertion that the additional $1,840.00 claimed as a Travel Expense is, in reality, a Witness Fee that cannot properly be taxed to the government because it exceeds the statutory maximum of $40.00; and, that Plaintiffs are not entitled to any additional costs in this regard because Dr. Cummings' $40.00 Witness Fee was already taken into account in the previous category of costs.  Since Plaintiffs have failed to provide any further information regarding this so-called Travel Expense, the undersigned finds that it cannot be taxed as

---

[4]  The undersigned notes that the $100 fee is likely related to the note at the bottom of the Itinerary, which states: "Please note: Cummings Scientific only charged you for the change over fee, of $100 for a total of $826.19" (DE # 57, Ex. B at 2). However, neither party explained what this means in the context of this case.

[5]  The undersigned notes that this rate likely reflects the fee for a refundable ticket, which is typically more expensive than a non-refundable ticket.

a cost.

Based upon a review of the record as a whole, the undersigned concludes that $726.19 in Witness Travel Expenses may be reasonably taxed against the government, which represents the cost for Plaintiffs' expert witness to travel from Tallahassee to Miami to testify at trial at the most economical rate reasonably available.

F.     Photocopying Expenses

Plaintiffs request $3,700.35 in Photocopying Expenses, which consists of in-house costs of $3,297.25, as well as outside costs of $403.10.  The government agrees that Plaintiffs are entitled to $403.10 in outsourced Photocopying Expenses, but objects to the in-house copying costs of $3,297.25.  For the reasons explained in more detail below, the undersigned finds that Plaintiffs are entitled to tax the cost of outsourced photocopying expenses ($403.10), plus a reduced amount of in-house photocopying expenses ($500.00), for a total of $903.10.

1.     The Parties' Positions

The government begins by pointing out that, although fees for copies that are necessarily obtained for use in the case are recoverable, 28 U.S.C. § 1920(4), fees for copies that are merely made for the convenience of counsel are not, *see Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).  In addition, Plaintiffs may not tax the cost of certain trial exhibits, *see Arcadian Fertilizer, LP v. MPW Indus. Svs., Inc.*, 249 F.3d 1293, 1296-97 (11th Cir. 2001), or unnecessary duplicates of records.  Because Plaintiffs failed to identify the documents at issue, the number of records copied, the cost per page, "neither the Court nor the [government] can make the necessary distinction as to whether the 'copies' were made for convenience of counsel or whether the copies were incurred for use in the case" (DE # 55 at 5).

Plaintiffs do not directly address these shortcomings in their Reply, stating merely that,

> [a]t a minimum, copies of pleadings, discovery, and documents prepared for the Court are recoverable. . . .  In this case, the defendant contested negligence, medical causation and damages throughout the case and the trial.  There were an extensive amount of medical records and other materials relating to these issues that were necessarily obtained for use in the case and at trial.  It should be noted that the [government] identified 56 exhibits for use at trial and Plaintiffs identified 98 exhibits for use at trial. Copies of all these exhibits were also supplied to the Court.  Accordingly, Plaintiffs are entitled to be reimbursed for all photocopies, particularly in light of the fact that the [government] contested every single issue in this case all the way through trial.

(DE # 57 at 3).

> 2. <u>Analysis</u>

The undersigned begins by emphasizing that the only documentation filed in support of Plaintiffs' request for Photocopying Expenses consists of the conclusory assertion of counsel that "[t]he above-referenced costs . . . were reasonable and necessarily obtained for preparation of this case for trial and the trial of this case (DE # 50, Ex. A at 8, ¶ 5), along with a bare list of approximately 50 entries ranging from $0.25 to $1,610.25, without any indication of the date the expense was incurred or any information about the particular document that was photocopied.

Simply put, Plaintiffs provided no basis upon which this Court can determine the appropriate amount of Photocopying Fees to be taxed against the government in this case.  Because the record is absolutely devoid of any records or documentation to permit the Court to conduct the necessary independent examination of these costs, *see* S.D. Fla. L.R. 7.3(C), Plaintiffs invite the Court to rely solely on the unilateral assertion of Plaintiffs' counsel that all costs "were reasonable and necessarily obtained . . . for trial" (DE # 50, Ex. A at 8, ¶ 5).  In such circumstances, the Court is permitted to exercise its

12

discretion to refuse to tax any Photocopying Expenses where the records lack the "requisite specificity." *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 846 (11th Cir. 2008) (affirming district court's refusal to award photocopying costs where it was impossible for "the court to determine whether the documents were necessarily obtained for use in the case.").

Thus, it would be appropriate for the Court to disallow all in-house copying costs. Nevertheless, in this case, it is beyond cavil that Plaintiffs' counsel incurred at least *some* legitimate in-house Photocopying Expenses. Thus, the undersigned recommends that the District Court exercise its discretion to reduce Plaintiffs' in-house Photocopying Expenses to $500.00, which appears to be reasonable based upon a review of the record as a whole.[6] This reduction further accounts for the fact that Plaintiffs' appear to have calculated their Photocopying Expenses using an inflated per-page cost of copying.[7]

In sum, the undersigned concludes that Plaintiffs are entitled to an award of $903.10 in Photocopying Expenses, which represents the cost of outsourced photocopying services ($403.10) and a reduced value of in-house copying ($500.00).

_____

[6] Although the government suggests that it might be appropriate to require Plaintiffs to submit a "modified accounting" of their Photocopying Expenses that provides a greater degree of detail, *see* (DE # 55 at 5 n.2) (citing *Roberts v. Charter Nat'l Ins. Co.*, 112 F.R.D. 411 (S.D. Fla. 1986)), the undersigned finds that such an allowance would be a futile exercise, because Plaintiffs were on notice of the inadequacy of their documentation – in part due to this very suggestion that a "modified accounting" of their expenses might be necessary – and yet, Plaintiffs failed to supplement the record with any useful information.

[7] Because all of the figures on the list are divisible by $0.25, the undersigned assumes that in-house copying occurred at the rate of $0.25 per page. Two years ago, this Court held that photocopying expenses reflecting a rate of $0.15 per page was "unnecessarily high." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007).

G.     **Trial Testimony Fees**

Plaintiffs request $29,575.00 in costs associated with their expert witness' trial testimony.  The government objects to these costs in their entirety, to the extent that they exceed $40.00 per day per witness and to the extent that they are already accounted for in the category of costs labeled "Witness Fees."  The undersigned finds that because Plaintiffs did not attempt to tax the costs associated with Virginia Howard's expert witness testimony in the previous section entitled "Witness Fees," Plaintiffs may tax the costs associated with this witness' testimony, subject to the $40.00 limitation provided in section 1821.

1.     **The Parties' Positions**

The government argues that section 1821 limits the taxation of expert witness to $40.00 per day.  (DE # 55 at 5) (citing *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 672 (11th Cir. 1993)).  The government further objects to paying any additional expenses, because the cost of these expert witnesses was already accounted for in the prior category of expenses labeled "Witness Fees" (*id.*).  Plaintiffs did not address these contentions in their Reply (DE # 57).[8]

---

[8]  In a footnote in their Motion, Plaintiffs state that Dr. Pasarin billed counsel $10,500.00 for his trial testimony, which includes his travel time.  Plaintiffs' counsel "believes that that amount is excessive [and] look[s] to this Court for guidance as to what the appropriate amount of Dr. Pasarin's charge should be" (DE # 50, Ex. A at 7). The government objects to the reduction of Dr. Pasarin's fee (DE # 55 at 6 n.3).  This off-hand remark by Plaintiffs' counsel is not sufficient to allow the Court to determine the precise relief sought by Plaintiffs or the legal basis upon which such relief would rest.  If Plaintiffs believe that they are entitled to relief, they must first consult with opposing counsel before filing a motion with this Court seeking the appropriate relief and establishing the legal grounds for such relief in accordance with the Federal and Local Rules.

14

2.      **Analysis**

It is well established that witness fees for experts, except court-appointed experts, are limited to $40.00 per day.  *See, e.g., Crawford Fitting*, 482 U.S. at 442; *Cronin*, 980 F.2d at 672.  By their failure to reply to this argument, Plaintiffs apparently concede this.[9]  Therefore, as to this category of expenses, the undersigned finds that Plaintiffs may only tax the costs associated with Virginia Howard's testimony, up to the $40.00 per day statutory limit, because, unlike the other witnesses covered in this category, Plaintiffs did not request the reimbursement of expenses associated with Ms. Howard's testimony in the category of the instant motion entitled "Witness Fees."

H.      **Rule 35 Deposition Fees**

Plaintiffs request $3,200 in costs associated with the independent medical examinations performed by Drs. Pasarin and Grossman pursuant to Federal Rule of Civil Procedure 35.  The government objects to these costs in their entirety, to the extent that they exceed $40.00 per day per witness and to the extent that they are already accounted for in the category of costs labeled "Witness Fees."  The undersigned agrees with the government and finds that Plaintiffs are not entitled to tax the costs associated with this category of expenses pursuant to 28 U.S.C. § 1821.

1.      **The Parties' Positions**

Although Plaintiffs fail to either clearly express their position or to cite any pertinent legal authority, they appear to argue that the deposition fees of Drs. Grossman ($1,700.00) and Pasarin ($1,500.00) are not subject to the $40.00 per day statutory

---

[9]  Plaintiffs have not clearly sought separate attendance fees for trial and deposition attendances – the undersigned therefore will not draw the inference that Plaintiffs paid for two separate attendances with respect to any witnesses.

15

limitation for witness fees because they are "court-appointed" experts (DE # 57 at 3).

*See Crawford Fiiting*, 482 U.S. at 442 ("There is no provision that sets a limit on the

compensation of court-appointed expert witnesses in the way that [section] 1821(b) sets

a limit for litigants' witnesses.").  Plaintiffs argue that government counsel referred to

these witnesses in a letter stating that "Rule 35 independent medical and vocational

rehabilitation examinations should not be recorded," (DE # 57, Ex. A at 2); and, because

Rule 35 provides that "[t]he court where the action is pending may order a party . . . to

submit to a physical or mental examination," Fed. R. Civ. P. 35, these witnesses must

therefore be "court-appointed" experts whose expenses may be taxed without the $40.00

per day limitation applicable to non-court-appointed experts.

The government, on the other hand, asserts that these costs are not taxable

because these witnesses were selected by government counsel and the Court never

issued an Order appointing them, as the text of section 1920 requires (DE # 55 at 6).

      2.   <u>Analysis</u>

The plain language of both section 1920 and *Crawford Fitting* clearly refers to the

compensation of "court appointed experts."  The fact that the parties discussed the

potential applicability of Rule 35 with regard to the examinations conducted by these

witnesses does not transform them into court appointed experts absent an Order of the

Court appointing them as such.  *See Liechty v. Terrill Trucking Co.*, 53 F.R.D. 590, 591

(E.D. Tenn. 1971) ("The usual procedure for such examinations is by agreement of the

party to be examined. . . .  This is customarily accomplished by the stipulation of counsel

for the parties, with Rule 35(a) . . . standing as a compulsory sanction that aids such

stipulations[;]" and, thus, Rule 35 permits the courts to select the experts "if the parties

cannot agree").  In short, because Drs. Grossman and Pasarin were not appointed by the

16

Court, they are not "court appointed experts." *Cf. Hall v. Baxter Healthcare Corp.*, 947 F. Supp. 1387, 1393 n.9 (D. Or. 1996) ("Because [the Court] did not appoint the experts . . ., their fees are not 'costs' that may be awarded to the prevailing party under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920(6).").

Thus, these witnesses are subject to the $40.00 per day limit applicable to non-court-appointed experts; and, Plaintiffs' did not refute the government's contention that the expenses associated with these witnesses were already addressed in the prior section of Plaintiffs' motion, entitled "Witness Fees."

I.    **Defense Expert Deposition Fees**

Plaintiffs request $1,642.00 in costs incurred in connection with the depositions of the government's non-medical expert witnesses, Randy Lasure and Claude Seltzer. The government objects to these costs in their entirety, to the extent that they exceed $40.00 per day per witness and to the extent that they are already accounted for in the category of costs labeled "Witness Fees."  For the reasons previously discussed, the undersigned concludes that the fees of these experts are limited to the $40.00 per day statutory witness fee provided by section 1821.

Since it is clear that the expenses for these witnesses' depositions were not included in the preceding section titled "Witness Fees," the undersigned recommends that these costs be taxed, subject to the statutory limit of $40.00 per witness per day, for a total of $80.00.

J.    **Expert Fees**

Plaintiffs request $35,177.46 in expert fees for expenses charged by their physicians and non-medical experts during the course of this litigation.  The government objects to these costs in their entirety, to the extent that they exceed $40.00 per day per

17

witness and to the extent that they are already accounted for in the category of costs labeled "Witness Fees."  The government also notes that these expenses are not supported by the documentation filed in connection with this request.  For example, the government points out, "Dr. Morganstern's bill reflects a charge of $6000, not $6500; Dr. Gies[e]ke's bill reflects a charge of $175 not $350[;] plaintiff's documentation for Virginia Howard is a fee schedule not an invoice; and, there is no bill for Dr. Kishner" (DE # 55 at 7 & n.4).

Plaintiffs did not address these contentions in their Reply (DE # 57).  The undersigned notes that the costs associated with each of these witnesses was addressed in the previous category of expenses, titled "Witness Fees;" and, that any costs in excess of $40.00 per day are prohibited under sections 1920 and 1821.  *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996); *Cronin*, 980 F.2d at 672.  It is, accordingly,

**RECOMMENDED** that Plaintiffs' Motion to Tax Costs (DE # 50) be **GRANTED IN PART AND DENIED IN PART**; and, that Plaintiffs be granted an award of costs totaling $9,134.97, consisting of Service of Process and Filing Fees ($405.00), Court Reporter Fees ($6,495.68), Witness Fees ($485.00), Witness Travel Expenses ($726.19), Photocopying Expenses ($903.10), Trial Testimony Fees ($40.00) and Defense Expert Deposition Expenses ($80.00).

Pursuant to S. D. Fla. Magistrate Judge Rule 4(b), the parties shall have ten days from the service of this Report and Recommendation to file written objections to this Report and Recommendation.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *RTC v. Hallmark Builders,*

*Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.

1988).

**DONE AND SUBMITTED** in chambers in Miami, Florida on July 14, 2009.

*Andrea M. Simonton*

_____

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro,**
      **United States District Judge**
**All counsel of record**